IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01827-BNB

ROBERT HILLS,

        Plaintiff,

v.

UNITED STATES,
MR. SMITH, Asst. Health Admin, in both individual and official capacities,
DR. DAVID ALLRED, in both individual and official capacities,
DR. DANIEAL SVERN, in both individual and official capacities,
NONA GLADBACH, P.A., in both individual and official capacities,
ANTHONY OSAGIE, P.A., in both individual and official capacities,
MANSPEAKER, C/O, in both individual and official capacities,
HAM, C/O, in both individual and official capacities,
R. RILEY, Florence Complex Warden, in both individual and official capacities,
B. WILLIAMS, C/O, in both individual and official capacities,
SUKDEIO, C/O, in both individual and official capacities,
SPATH, C/O, in both individual and official capacities, and
BELL, C/O, in both individual and official capacities,

        Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 0 2 2009

GREGORY C. LANGHAM
CLERK

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Robert Lee Hills, is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the United States Penitentiary, Administrative Maximum, in Florence, Colorado. He has filed *pro se* a Prisoner Complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671-2680. He asks for money damages and injunctive relief.

Mr. Hills has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 without payment of an initial partial filing fee. The Court must construe

the complaint liberally because Mr. Hills is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Hills will be ordered to file an amended complaint.

The Court has reviewed Mr. Hills' complaint filed on August 3, 2009, and the amendment to the complaint filed on August 31, 2009. The Court finds that the complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

2

Mr. Hills' complaint is rambling and verbose. He fails to state his claims, which concern his medical care, in a clear, succinct, and factual manner. He makes certain allegations repetitively. He asserts his claims pursuant to *Bivens* and the FTCA. However, he fails to clarify which claims are asserted pursuant to which statute. To the extent Mr. Hills is attempting to assert FTCA claims, he should note that the United States is the only proper Defendant. 28 U.S.C. § 2679(d)(1).

To the extent Mr. Hills is attempting to assert *Bivens* claims, he must show the personal participation of each named Defendant in the asserted claims. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Hills must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Hills will be directed to file an amended complaint asserting all of the claims he seeks to assert against all the Defendants he plans to sue. Mr. Hills is advised that, in order to state a claim in federal court, his amended "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir.

3

2007). Mr. Hills will be barred from filing any motions or other papers, except for those seeking emergency relief related to his personal safety, until he files the amended complaint as ordered below. Accordingly, it is

ORDERED that Plaintiff, Robert Lee Hills, Jr., file **within thirty (30) days from the date of this order** an amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Hills, together with a copy of this order, two copies of the following form to be used in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that, Mr. Hills is barred from filing any motions or other papers, except for those seeking emergency relief related to his personal safety, until he files the amended complaint as discussed in this order. It is

FURTHER ORDERED that, if Mr. Hills fails to file an amended complaint that complies with this order to the Court's satisfaction within the time allowed, the complaint and the action will be dismissed without further notice. It is

FURTHER ORDERED that the motions to appoint counsel and to enter evidence, filed with the Court on August 3 and 21, 2009, respectively, and the motions to request documents and electronic files filed with the Court on August 27, 2009, are denied as premature.

DATED September 2, 2009, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 09-cv-01827-BNB

Robert Hills
Reg No. 09212-097
US Penitentiary ADX
P.O. Box 8500
Florence, CO 81226-8500


I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 9/2/09

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk