IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01827-BNB

ROBERT HILLS,

    Plaintiff,

v.

UNITED STATES,
MR. SMITH, Asst. Health Admin, in both individual and official capacities,
DR. DAVID ALLRED, in both individual and official capacities,
DR. DANIEAL SVERN, in both individual and official capacities,
NONA GLADBACH, P.A., in both individual and official capacities,
ANTHONY OSAGIE, P.A., in both individual and official capacities,
MANSPEAKER, C/O, in both individual and official capacities,
HAM, C/O, in both individual and official capacities,
R. RILEY, Florence Complex Warden, in both individual and official capacities,
B. WILLIAMS, C/O, in both individual and official capacities,
SUKDEIO, C/O, in both individual and official capacities,
SPATH, C/O, in both individual and official capacities, and
BELL, C/O, in both individual and official capacities,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 1 0 2009

GREGORY C. LANGHAM
                  CLERK

## ORDER DENYING MOTIONS FOR TEMPORARY RESTRAINING ORDER

Plaintiff, Robert Lee Hills, is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the United States Penitentiary, Administrative Maximum, in Florence, Colorado. He has filed *pro se* a Prisoner Complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671-2680. He asks for money damages and injunctive relief. He has

been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 without payment of an initial partial filing fee.

On August 3 and 16, 2009, Mr. Hills filed **pro se** motions for a temporary restraining order. The Court will construe these motions liberally because Mr. Hills is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a **pro se** litigant. **See Hall**, 935 F.2d at 1110. For the reasons stated below, the motions for a temporary restraining order will be denied.

In the August 3, 2009, motion for a temporary restraining order, Mr. Hills makes vague allegations that the warden has resigned and that no one is protecting him "from what could be reprisal(s) from 'every level.'" August 3 motion at 1. In the August 27, 2009, motion for a temporary restraining order, he reiterates allegations from his complaint concerning his medical condition and treatment. A party seeking a temporary restraining order must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result unless a temporary restraining order is issued. **See** Fed. R. Civ. P. 65(b).

Mr. Hills fails to allege specific facts that demonstrate he is facing immediate and irreparable injury. Therefore, the liberally construed motions for a temporary restraining order will be denied. Accordingly, it is

ORDERED that the August 3 and 16, 2009, motions for a temporary restraining

order that Plaintiff, Robert Hills, filed *pro se* are DENIED.

DATED at Denver, Colorado, this 9 day of Sept., 2009.

BY THE COURT:

*[signature]*

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01827-BNB

Robert Hills
Reg No. 09212-097
US Penitentiary ADX
P.O. Box 8500
Florence, CO 81226-8500

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 9/10/09

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk