IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01827-WYD-MEH

ROBERT HILLS,

    Plaintiff,

v.

UNITED STATES,
MR. SMITH, Asst. Health Admin., in his official and individual capacity,
DR. DAVID ALLRED, in his official and individual capacity,
NONA GLADBACH, PA, in her official and individual capacity, and
DR. DANIEL SVERN, in his official and individual capacity,

    Defendants.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court are five motions filed by Plaintiff. The motions are referred to this Court for disposition. (Docket #47.) As stated below, the Court **DENIES** Plaintiff's Motion Requesting Appointment of Counsel [filed October 16, 2090; docket #41] and Plaintiff's Motion Meeting Continued "Indigent" Status Verification [filed October 16, 2009; docket #45], **GRANTS IN PART** and **DENIES IN PART AS PREMATURE** Plaintiff's Motion Seeking to have Evidence and Exhibits "Entered" onto the Record of Court [filed October 16, 2009; docket #42], and **DENIES WITHOUT PREJUDICE** Plaintiff's Motion for Subpeana [sic] Power of Records Paper and Electronic Files [filed October 16, 2009; docket #43] and Plaintiff's Motion for "Subpeana Power" [sic] to have Produced Medical Records [filed October 16, 2009; docket #44].

**I.      Plaintiff's Motion Requesting Appointment of Counsel**

The Court directs Plaintiff to its order issued October 13, 2008, denying Plaintiff's two prior Motions for Appointment of Counsel. (Docket #36.) Thus, the Court denies Plaintiff's third motion for the same reasons previously stated.

**II.     Plaintiff's Motion to "Enter" Evidence and Exhibits**

The Court denies as premature the portion of this motion requesting the Court to "enter" evidence on the record, as such procedure is implicated at the time of trial or when Plaintiff may respond to a motion for summary judgment, if one is filed. Until that time, the Court will not entertain repeated requests for the "entry" of evidence on the record. Any such request may be stricken.

The Court grants Plaintiff's motion to the extent he seeks copies of the documents at Docket #11 sent to him. The Court directs the Clerk of Court to mail copies of the documents at Docket #11 to Plaintiff at the address listed on the docket.

**III.    Plaintiff's Motions for Subpoena**

The Court recognizes the right of any civil litigant to subpoena documents from third parties pursuant to Fed. R. Civ. P. 45. However, although the Court must liberally construe *pro se* filings, *pro se* status does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other litigants. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994). As Plaintiff proceeds *in forma pauperis*, any subpoena served would be served by the United States Marshal. Notably, "[s]ervice by certified mail by the United States Marshals Service provides a fair and economical means of serving process." *Windsor v. Martindale*, 175 F.R.D. 665, 670 (D. Colo. 1997). In order to ensure this

expenditure of resources on behalf of Plaintiff is conducted properly, the Court denies Plaintiff's two motions for subpoena without prejudice, and orders as follows:

> If the plaintiff submits a new request for subpoenas, it must include (1) the name and address of the witness(es) he wishes to subpoena, and (2) a *detailed* explanation of the purpose of the subpoena regarding the production of documents from the witness. . . . If the plaintiff is seeking production of documents, he must describe the documents with specificity and explain why the documents sought are relevant or reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1).

*Pinson v. Revell*, No. 08-cv-01023-MSK-BNB, 2008 WL 5233592, at *1 (D. Colo. Dec. 15, 2008). In accordance with this jurisdiction's determinations, Plaintiff should also be prepared to demonstrate that he has made arrangements for the payment of any costs associated with the preparation or copying of documents requested. *Hawkinson v. Montoya*, No. 04-cv-01271-EWN-BNB, 2006 WL 1215397, at *2 (D. Colo. May 4, 2006) (citing *Windsor*, 175 F.R.D. at 670 (stating "being allowed to proceed *in forma pauperis* does not excuse tendering of the required witness fee and mileage" (citations omitted)).

**IV.     Plaintiff's "Motion Meeting Continued 'Indigent' Status Verification"**

The Court construes Plaintiff's request in this motion as seeking relief from his obligations pursuant to his status as proceeding *in forma pauperis*. In *Cosby v. Meadors*, the Tenth Circuit expounded upon the obligation of an indigent prisoner under the 1996 Prison Litigation Reform Act ("PLRA") to ultimately pay the full amount of a filing fee necessary to initiate and continue litigation. 351 F.3d 1324, 1326 (10th Cir. 2003). The *Cosby* Court recognized the PLRA's fee provisions "are intended 'to reduce frivolous prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees,'" within the practical limits established by the PLRA considering the prisoner's indigent status. *Id.* at 1327

(citations omitted). "The issue here is not money per se . . . [but rather] respect for the judicial process and the law." *Id*. at 1326. Failure to pay the filing fee as required by the PLRA may result in dismissal of the prisoner's action. *Id*. at 1327 (citations omitted).

The Court granted Plaintiff leave to proceed *in forma pauperis* pursuant to Section 1915 of 28 U.S.C. on August 28, 2009. (Docket #17.) In the order granting leave, the Court instructed Plaintiff to make the required monthly payments or to show cause each month why he has no assets and no means by which to make the monthly payment. (*Id*. at 3.) Plaintiff was warned that a failure to comply with the requirements of proceeding *in forma pauperis* could result in the dismissal of his civil action. (*Id*.) The Court previously had informed Plaintiff that without submission of any written documentation indicating his request for a certified copy of his trust fund account statement had been denied by prison officials, any request to be excused from filing such copy with the Court would not be entertained. (Docket #12.) Plaintiff again does not include written documentation in support of his contentions that prison officials will not provide him the documentation he requests. Thus, the Court denies his motion.

**V.     Future Filings with the Court**

The Court reminds Plaintiff that "the right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Roscoe v. Hansen*, No. 96-2250, 1997 WL 116992, at *2 (10th Cir. 1997) (unpublished) (citing *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989)). "Repetitive, unfounded pro se litigation" may provide grounds for the Court to recommend restricting the ability to initiate suit, whether *pro se* or by paying the filing fee, without first obtaining written permission from the Court. *Id*. The Court emphasizes that any inundation of excessive or unnecessary filings

will not be tolerated and may be stricken.

**VI.     Conclusion**

Accordingly, the Court ORDERS as follows:

Plaintiff's Motion Requesting Appointment of Counsel [filed October 16, 2090; docket #41] is **DENIED**;

Plaintiff's Motion Seeking to have Evidence and Exhibits "Entered" onto the Record of Court [filed October 16, 2009; docket #42] is **GRANTED IN PART** and **DENIED IN PART AS PREMATURE**;

Plaintiff's Motion for Subpeana [sic] Power of Records Paper and Electronic Files [filed October 16, 2009; docket #43] is **DENIED WITHOUT PREJUDICE**;

Plaintiff's Motion for "Subpeana Power" [sic] to have Produced Medical Records [filed October 16, 2009; docket #44] is **DENIED WITHOUT PREJUDICE**; and

Plaintiff's Motion Meeting Continued "Indigent" Status Verification [filed October 16, 2009; docket #45] is **DENIED**.

Dated at Denver, Colorado, this 19th day of October, 2009.

BY THE COURT:

Michael E. Hegarty

Michael E. Hegarty
United States Magistrate Judge