IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01827-WYD-MEH

ROBERT HILLS,

    Plaintiff,

v.

UNITED STATES,
MR. SMITH, Asst. Health Admin., in his official and individual capacity,
DR. DAVID ALLRED, in his official and individual capacity,
NONA GLADBACH, PA, in her official and individual capacity, and
DR. DANIEL SVERN, in his official and individual capacity,

    Defendants.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court are four motions filed by Plaintiff. The motions are referred to this Court for disposition. (Dockets ##67, 69, 72.) As stated below, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's "Motion to Subpeana [sic] evidence from files . . ." [filed November 16, 2009; docket #65], Plaintiff's "Motion to Subpeana [sic] medical information . . ." [filed November 16, 2009; docket #66] and Plaintiff's "Motion to Subpeana [sic] Hospital Records" [filed November 16, 2009; docket #68]. The Court **DENIES** Plaintiff's "General Motion for Expert Testimony and Assesment [sic] of Facts" [filed November 16, 2009; docket #70].

As stated in its previous order regarding Plaintiff's earlier requests for the issuance of subpoenas, the Court recognizes the right of any civil litigant to subpoena documents from third parties pursuant to Fed. R. Civ. P. 45. (*See* docket #48.) However, although the Court must liberally construe *pro se* filings, *pro se* status does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other litigants. *See Green v. Dorrell*, 969 F.2d 915, 917

(10th Cir. 1992); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994). As Plaintiff proceeds *in forma pauperis*, any subpoena served would be served by the United States Marshal. Notably, "[s]ervice by certified mail by the United States Marshals Service provides a fair and economical means of serving process." *Windsor v. Martindale*, 175 F.R.D. 665, 670 (D. Colo. 1997). In order to ensure this expenditure of resources on behalf of Plaintiff is conducted properly, the Court denies Plaintiff's motions for subpoena without prejudice, and orders as follows:

> If the plaintiff submits a new request for subpoenas, it must include (1) the name and address of the witness(es) he wishes to subpoena, and (2) a *detailed* explanation of the purpose of the subpoena regarding the production of documents from the witness. . . . If the plaintiff is seeking production of documents, he must describe the documents with specificity and explain why the documents sought are relevant or reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1).

*Pinson v. Revell*, No. 08-cv-01023-MSK-BNB, 2008 WL 5233592, at *1 (D. Colo. Dec. 15, 2008).

In accordance with this jurisdiction's determinations, Plaintiff should also be prepared to demonstrate that he has made arrangements for the payment of any costs associated with the preparation or copying of documents requested. *Hawkinson v. Montoya*, No. 04-cv-01271-EWN-BNB, 2006 WL 1215397, at *2 (D. Colo. May 4, 2006) (citing *Windsor*, 175 F.R.D. at 670 (stating "being allowed to proceed *in forma pauperis* does not excuse tendering of the required witness fee and mileage" (citations omitted)).

Furthermore, the Court reminds Plaintiff that in the order setting the Preliminary Scheduling/Status Conference for January 7, 2010, the Court established that "[n]o discovery shall be submitted until after the preliminary scheduling/status conference, unless otherwise ordered or directed by the district judge in this case." (Docket #37 at 1.) Thus, Plaintiff's motions for the issuance of subpoenas are premature. Again, the Court emphasizes that any inundation of excessive or unnecessary filings will not be tolerated and may be stricken.

Regarding Plaintiff's "General Motion for Expert Testimony and Assesment [sic] of Facts,"

not only is this motion premature as it concerns discovery before the preliminary scheduling/status conference, but also it requests the Court to provide experts in support of Plaintiff's allegations. Pursuant to Section 1915 of 28 U.S.C., in pertinent part, the Court is obligated only to authorize the commencement and prosecution or defense of a civil lawsuit without the full payment of the filing fee, and to issue and serve all process. 28 U.S.C. § 1915(a), (d). The Court declines to subsidize medical experts in support of Plaintiff's case. In response to Plaintiff's inquiry in this motion as to whether there will be "'direct' cross examination(s) at hearing," the Court informs Plaintiff that the conference on January 7, 2010, is purposed solely for preliminary scheduling of the case. (*See* docket #37.)

Accordingly, the Court the Court **DENIES WITHOUT PREJUDICE** Plaintiff's "Motion to Subpeana [sic] evidence from files . . ." [filed November 16, 2009; docket #65], Plaintiff's "Motion to Subpeana [sic] medical information . . ." [filed November 16, 2009; docket #66] and Plaintiff's "Motion to Subpeana [sic] Hospital Records" [filed November 16, 2009; docket #68]. The Court **DENIES** Plaintiff's "General Motion for Expert Testimony and Assesment [sic] of Facts" [filed November 16, 2009; docket #70].

Dated at Denver, Colorado, this 18th day of November, 2009.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge